## THE STATE v. JOSEPH HARLOW.

Decided February 9, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the plaintiff in error, *Robert Newton Crane.*

For the state, *Francis Bergen,* prosecutor of the pleas.

PER CURIAM.

The defendant was convicted of the crime of manslaughter in the killing of one Patrick Connolly. The claim of the state was that Connolly came to his death through a collision between an automobile in which he was riding, and which was being driven by the defendant, and another car, driven by one Tully; and that the collision was the result of the gross negligence of the defendant in the driving of his car.

The principal ground upon which a reversal is sought is that the court in its charge to the jury erred in defining the character of the negligence which must be proved by the state in order to justify a conviction under the indictment. The instruction was as follows: "Manslaughter may be occasioned by the omission of duty on the part of some person or negligence on his part whereby death ensues. Negligence in this question means the failure to use reasonable care. Now, that is the definition with reference to the indictment to be passed upon by you." In so instructing the jury the court adopted the rule of liability existing in civil actions. This was clearly erroneous. As was pointed out in *State* v. *Schutte,* 87 *N. J. L.* 15, the real question to be determined was whether or not the death of Connolly was occasioned by some grossly negligent act on the part of the defendant—that is, an act which showed a reckless disregard for the safety of others. Unless the negligent act was of this character, the defendant was not guilty of the crime charged against him. The erroneous instruction was clearly harmful, and requires a reversal of the conviction.

We find nothing of merit in the other grounds for reversal which have been argued before us.

For the reason indicated, the judgment under review will be reversed.